UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOYCE MCCARTHY,

    Plaintiff,

v.   Case No:   6:15-cv-2121-Orl-18TBS

207 MARSHALL DRIVE OPERATIONS,
LLC, CONSULATE HEALTH CARE LLC,
COLONIAL LAKES HEALTH CARE, LLC,
JOHN DOE LIABILITY INSURANCE
CARRIERS, SELENA WATKINS,
TREMMIE ROBINSON, LINDA PUTNAM,
BARBARA BRANDT, LOWIE BRANNAN,
DAVID NGUYEN and JANE DOE,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) and Motion for Service Upon Defendants Effectuated by the United States Marshal Contingent Upon Granting of In Forma Pauperis Status (Doc. 3).   For the reasons that follow, I respectfully recommend the Court dismiss plaintiff's complaint without prejudice, with 21 days leave to amend.

### I. Background

Plaintiff Joyce McCarthy brings this lawsuit in her capacity as administrator ad litem of the estate of Gail Middleton deceased (the "Decedent") (Doc. 1).   Her complaint alleges that the Decedent was a patient at Marshall Health and Rehabilitation ("Marshall"), a skilled nursing facility operated by Defendant 207 Marshall Drive Operations, LLC, and later at Defendant Colonial Lakes Heath Care.   While at Marshall, the Decedent's care was paid for by Medicare (Doc. 1, pp. 3-4, 8).

Plaintiff alleges that the Decedent received inadequate care while at Marshall and at Colonial Lakes.  The Decedent made four complaints to the State Ombudsman for Long-Term Care, which were assigned to Defendants Linda Putnam, Barbara Brandt, Lowie Brannan, and David Nguyen for investigation.  Putnam investigated the first two complaints and made suggestions to Marshall, but nothing was done.  Plaintiff alleges that Putnam failed to report Marshall to the Department of Elder Affairs and the Department of Health and Human Services.  Brandt allegedly falsified a report that the Decedent had verbally dropped the third complaint on January 23, 2013.  Brannan and Nguyen allegedly investigated the fourth complaint, but "nothing was done."

The Decedent "died on February 14, 2014 from Septic Shock/Backteremia caused by Extensive ABD/Groin Necrotic Wounds."  Plaintiff alleges that "[Decedent] cried out for the help of the above named Ombudsmen from June 27, 2012, until her death on February 21, 2014, but the Ombudsmen showed deliberate indifference to her cries for help."  (Doc. 1, pp. 4, 6-9).  Plaintiff alleges that Putnam, Brandt, Brannan, and Nguyen, "while acting under the color of state law, did in their individual and official capacity, with deliberate indifference, deny [Deccedent's] Constitutional Right to be free of unwanton infliction of pain and suffering pursuant to 42 U.S.C. § 1983."  (Id. at p. 14).

The complaint alleges that the remaining Defendants violated 42 U.S.C. § 1395i-3 and 42 C.F.R. §§ 483.10, 483.15, 483.25, 483.30, 483.35, 483.60, by providing inadequate care, failing to timely provide medical records, and retaliating against the Decedent.  Marshall allegedly failed to timely furnish medical records upon request, failed to provide sufficient staff to care for its residents, failed to ensure proper drug administration, did not provide a special diet, failed to property treat pressure sores, "overlooked reprisals against [Decedent]," failed to protect, and otherwise provided

inadequate care and "inflicted a loss of dignity to [Decedent]." Defendant Consulate Health LLC allegedly implemented a policy that resulted in the denial of access to medical records within 24 hours of a request. Defendant Colonial Lakes Health Care, LLC, failed to provide adequate wound care, failed to promote the Decedent's quality of life, "failed to meet the professional standards of quality," and failed to provide a proper diet. Defendant Selena Watkins allegedly failed to ensure proper staffing and the proper administration of medication and orders, and failed to provide a special diet. Defendant Tremmie Robinson allegedly denied Decedent access to medical records. Defendant Jane Doe, also identified as Erica Grimes, allegedly retaliated against the Decedent for complaining to the ombudsman. See Doc. 1, pp. 3-15. Plaintiff seeks compensatory and punitive damages from each Defendant.

## II. Standard

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court must review the complaint to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). The Court may "enter such other orders as shall seem appropriate to the pendency of the cause." M.D. FLA. R. 4.07(a).

Under § 1915(e)(2)(B)(ii), an action must be dismissed if the Court determines that it ails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "The language in this subsection 'tracks the language of Federal Rule of Civil Procedure 12(b)(6), and [courts] apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).'" Hendrix v. Tucker, 535 F. App'x 803, 804 (11th Cir. 2013)

(quoting Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  "Thus, to survive § 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In evaluating a plaintiff's complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.  Id.; Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011).  Legal conclusions devoid of factual support are not entitled to an assumption of truth.  Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 678).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  See also Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Nevertheless, *pro se* litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the Court will not "'serve as *de facto* counsel for a party or … rewrite an otherwise deficient pleading in order to sustain an action.'"  Copeland v. Hous. Auth. of Hollywood, 358 F. App'x 144, 144 (11th Cir. 2009) (quoting GJR Invs., Inc. v. City of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III. Discussion

The Medicare and Medicaid Acts authorize the payment of federal funds to reimburse nursing facilities for services provided to residents, provided the facilities are

certified. Certification under the Medicare program requires nursing facilities to comply with certain requirements set forth in 42 U.S.C. § 1395i-3(b)-(d), and its implementing regulations. Nursing facilities seeking certification under the Medicaid program must comply with the requirements in 42 U.S.C. § 1396r(b)-(d), and its implementing regulations. The Federal Nursing Home Reform Act ("FNHRA"), 42 U.S.C. §§ 1395i-3, 1396r, "provides for the oversight and inspection of nursing homes that participate in Medicare and Medicaid programs." Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1327 (N.D. Ga. 2000).

The complaint asserts claims for violations of FNHRA, 42 U.S.C. § 1395i-3, and various regulations promulgated to implement the statutory mandates, including 42 C.F.R. §§ 483.10, 483.15, 483.25, 483.30, 483.35, 483.60. The "majority of courts that have considered whether the FNHRA and its regulations confer a private right of action have concluded that they do not." James v. Bd. of Curators of the Univ. of Mo., No. 4:09-CV-2066-RWS, 2011 WL 147910, at *3 (E.D. Mo. Jan. 18, 2011) (citing Duncan v. Johnson-Mathers Health Care, Inc., No. 5:09-CV-00417-KKC, 2010 WL 3000718, at *3 (E.D. Ky. July 28, 2010) (finding that FNHRA "does not have an 'unmistakable' focus on the rights of individual nursing home residents, but instead focuses on requirements that the nursing homes must meet in order to become and remain eligible for funding" and concluding there is no private cause of action under the statute including the regulation at 42 C.F.R. § 483.25.); Brogdon, 103 F. Supp. 2d at 1330 (FNHRA does not confer a private cause of action for violations of the act); Tinder v. Lewis Cty. Nursing Home Dist., 207 F. Supp. 2d 951, 957 (E.D. Mo. 2001) (same)). See also Prince v. Dicker, 29 F. App'x 52, 54 (2d Cir. 2002) ("[T]he Nursing Home Reform Act's provisions do not confer a right of action on Prince that can be enforced against a private nursing home such as

Shore View."); Fiers v. La Crosse Cty., No. 15-CV-88-JDP, 2015 WL 5530258, at *7 (W.D. Wis. Sept. 18, 2015) ("The court concludes that the FNHRA does not confer federal rights and, accordingly, cannot support a cause of action under section 1983."); Hawkins v. Cty. of Bent, Colo., 800 F. Supp. 2d 1162, 1166 (D. Colo. 2011) ("For the reasons set forth herein, the Court finds that the FNHRA does not unambiguously create a private right enforceable through a § 1983 action."); Baum v. N. Dutchess Hosp., 764 F. Supp. 2d 410, 425 (N.D.N.Y. 2011) ("FNHRA does not clearly and unambiguously authorize a private federal cause of action for nursing home residents against private nursing homes.").  But see Grammer v. John J. Kane Reg'l Centers-Glen Hazel, 570 F.3d 520, 527 (3d Cir. 2009).   I am persuaded by the cases holding that an individual cannot state a claim for violations of 42 U.S.C. § 1395i-3 or the supporting regulations.

The complaint also alleges that Defendants Putnam, Brandt, Brannan, and Nguyen, "while acting under the color of state law, did in their individual and official capacity, with deliberate indifference, deny [Decedent's] Constitutional Right to be free of unwanton infliction of pain and suffering pursuant to 42 U.S.C. § 1983."   (Doc. 1, p. 14). The basis of Plaintiff's § 1983 claim is not entirely clear.   I am not familiar with a constitutional right "to be free of unwanton infliction of pain and suffering."   To the extent that Plaintiff alleges these Defendants were deliberately indifferent to the Decedent's serious medical needs, there is no indication that they provided or had control over any medical treatment for the Decedent.   To the extent that this claim is based on the purported FNHRA violations, there is no indication that these Defendants had any affiliation with a nursing facility certified under the Medicaid or Medicare programs.

Plaintiff seeks to proceed *in forma pauperis* and to have the United States Marshall serve process on her behalf (Docs. 2, 3).   As proof of indigency, Plaintiff has attached a

May 22, 2014 order from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, finding her indigent (Doc. 1-1).  But, Plaintiff has not provided any financial information to this Court to permit it to make an independent determination as to her indigence, and she has not declared in an affidavit that she is unable to pay the filing fee or give security therefor.  See 28 U.S.C. § 1915(a)(1).

### IV. Recommendation

For these I find that Plaintiff's complaint fails to state a cognizable claim against Defendants, and that Plaintiff has failed to establish that she (or the Decedent's estate) is indigent.  Therefore, I **RESPECTFULLY RECOMMEND** that this case be **DISMISSED without prejudice**, with 21 days leave to amend.  I further **RECOMMEND** that the Court **DENY** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2), **DENY** Plaintiff's Motion for Service Upon Defendants Effectuated by the United States Marshal Contingent Upon Granting of In Forma Pauperis Status (Doc. 3), and **DIRECT** Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs.[1]  Lastly, I **RECOMMEND** that Plaintiff be **WARNED** that failure to file an amended complaint within 21 days following the Court's order will result in dismissal of this action.

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.

---

[1] This form can be found on the Court's main website, http://www.flmd.uscourts.gov, under the "Forms" tab.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 24, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff, *pro se*